IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02613-BNB

ROQUE ESCOBAR-HERNANDEZ,

      Plaintiff,

v.

UNITED STATES,

      Defendant.

───────────────────────────────────────────────────────────────

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT
───────────────────────────────────────────────────────────────

      Plaintiff, Roque Escobar-Hernandez, is a prisoner in the custody of the Federal

Bureau of Prisons (BOP) at the United States Penitentiary, High Security, in Florence,

Colorado.  Plaintiff has filed a Prisoner Complaint  pursuant to the Federal Tort Claims

Act (FTCA), 28 U.S.C. §§ 2671-2680, and sets forth three claims of deliberate

indifference to serious medical needs and a violation of his right to equal protection.

Plaintiff has been granted leave to proceed pursuant to the *in forma pauperis* statute, 28

U.S.C. § 1915, with payment of an initial partial filing fee.

      The Court must construe the Prisoner Complaint liberally because Plaintiff is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as

an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  The Court has reviewed

the Prisoner Complaint and determined it is deficient.  For the reasons discussed below,

Plaintiff will be directed to file an amended Prisoner Complaint.

      In his first and second claims, Plaintiff contends the BOP delayed until January

20, 2014, to provide him with needed back surgery for a herniated disc diagnosed in 2001.  In the interim, he maintains, his physical condition worsened to the point that he could not maintain his balance and, as a result, he collapsed multiple times and suffered injuries.  He contends that the delay in treating his condition has resulted in irreparable harm including partial disability and the need for a wheelchair.  Based on these allegations, he contends Defendant was deliberately indifferent to his serious medical needs.

In his third claim, he contends he is a Mexican immigrant and he was discriminated against on the basis of race and social class resulting in the deliberate indifference to his serious medical needs.  These allegations underlie a claim that his equal protection rights have been violated.

Plaintiff's first and second claims appear to assert claims of deliberate indifference to serious medical needs under the Eighth Amendment, and his third claim appears to assert an equal protection violation under the Fourteenth Amendment.  Each of these claims properly is raised pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Eighth and Fourteenth Amendment claims against the United States are barred by the doctrine of sovereign immunity.  The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define this Court's subject matter jurisdiction. See *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir.1996).  The United States has not waived sovereign immunity for itself or its agencies under *Bivens* for constitutional tort claims and therefore cannot be sued in a *Bivens* action. *See Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 483-86 (1994) (holding that a *Bivens* action may not be brought

against the United States).

Furthermore, the United States is the sole defendant to an FTCA action if Plaintiff, as he states under the jurisdiction section of the Prisoner Complaint, intends to assert claims under the FTCA. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n. 4 (10th Cir. 2001) (noting that the United States is the only proper defendant to an FTCA suit). *See also* 28 U.S.C. §§ 2674, 2679. The FTCA allows the United States to be sued for claims arising out of negligent or wrongful acts or omissions of its employees when such employees are acting within the scope of their duties. 28 U.S.C. § 1346(b)(1).

"[T]he FTCA and a *Bivens* claim are alternative remedies." *Robbins v. Wilkie*, 300 F.3d 1208, 1213 (10th Cir. 2002). "When a federal law enforcement officer commits an intentional tort, the victim has two avenues of redress:  1) he may bring a *Bivens* claim against the individual officer based on the constitutional violation, or 2) he may bring a common law tort action against the United States pursuant to the FTCA." *Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir.1994) (citations omitted). Accordingly, a plaintiff can pursue a *Bivens* action against a federal official in his individual capacity and an FTCA claim against the United States arising out of the same subject matter, but a judgment against the United States under the FTCA precludes recovery against the federal employee under *Bivens*. *Engle*, 24 F.3d at 135 ("Although the plaintiff may elect initially to bring his action against either defendant, a judgment against the United States under the FTCA constitutes 'a complete bar to any action by the claimant, by reason of the same subject matter, against the employee . . . whose act or omission gave rise to the claim.' ") (quoting § 2676); *see also Trentadue v. United States*, 397

F.3d 840, 858-59 (10th Cir. 2005) (concluding that district court was required to vacate *Bivens* judgment where court later entered judgment on FTCA claims arising out of the same subject matter, pursuant to § 2676).

If Plaintiff intends to pursue only an FTCA claim against the United States he is directed to file an amended Prisoner Complaint asserting the claim and naming the United States of America as the sole defendant.  If, however, he also desires to raise Eighth and Fourteenth Amendment claims under *Bivens*, Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also must assert personal participation by each named defendant in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.   *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Instead,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 (*Bivens*) suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Accordingly, It is

ORDERED that Plaintiff, Roque Escobar-Hernandez, file **within thirty (30) days from the date of this order** an amended Prisoner Complaint that complies with this order.  It is

FURTHER ORDERED that Plaintiff shall obtain a copy of the Court-approved Prisoner Complaint form, along with the applicable instructions (with the assistance of his case manager or the facility's legal assistant), at www.cod.uscourt.gov, and use that form in submitting the amended Prisoner Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to file an amended Prisoner Complaint

that complies with this order within the time allowed, the Prisoner Complaint and the

action may be dismissed without further notice.

DATED September 23, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge