IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02613-MJW

ESCOBAR-HERNANDEZ,

Plaintiff,

v.

UNITED STATES OF AMERICA, *Etalibi*,
DAVID ALLREAD, *Clinical Director*,
LISA MCDERMITT, *Health Services Administrator*,
UTILIZATION REVIEW COMMITTEE,
THOMPSON, *PA*,
NEHLS, *Helth Services*,
JOHN DOE, *Officer #1*,

Defendants.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that the United States' Motion to Dismiss (Docket No. 37) is GRANTED IN PART and DENIED IN PART, for the following reasons.

First, the United States' motion to dismiss is denied insofar as it seeks to dismiss claims 2 and 3 for lack of subject-matter jurisdiction. Although the United States computed the statute of limitations based on 180 days, Plaintiff correctly notes that it is measured in months rather than days. *Tribue v. United States*, 826 F.2d 633, 636 (7th Cir. 1987). Accordingly, the statute of limitations did not expire until September 19, 2014. The envelope in which Plaintiff's complaint was mailed to the Court was postmetered September 17, 2014. (Docket No. 1-1.) Further, Plaintiff provided evidence tending to show that, for purposes of the "prison mailbox rule," he is deemed to have mailed the complaint at some point between September 10, 2014, and September 17, 2014. (Docket No. 45, p.10.) Plaintiff's complaint is timely.

However, the United States' motion to dismiss claims 2 and 3 is granted in part, insofar as it is based on Plaintiff's failure to file a certificate of review under C.R.S. § 13-20-602. As Plaintiff concedes (Docket No. 45, p.5), he did not file a certificate of review and therefore may not maintain negligence claims against the government. *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004). Plaintiff correctly points out that the statute does not apply to deliberate-indifference claims brought under the Eighth Amendment. *Burns v. Ted Laurence, P.A.*, No. 10-cv-02691-WJM-CBS,

2013 WL 3771280, at *4 (D. Colo. Jul 17, 2013) (§ 1983 context); *McClean v. Clough*, No. 04-cv-02440-ZLW-MJW, 2006 WL 650169, at *1 (D. Colo. Mar. 10, 2006) (*Bivens* context).  But the United States has not asked to dismiss Plaintiff's Eighth Amendment claim (count 1 of the Amended Complaint); the United States has sought to dismiss only counts 2 and 3, which the Amended Complaint identifies as state-law tort claims.  Thus, to the extent counts 2 or 3 sound in professional negligence, C.R.S. § 13-20-602 applies.

Count 2 is a medical malpractice claim.  (Docket No. 7, p. 11.)  It is hereby DISMISSED.

Count 3 is an intentional infliction of emotional distress claim.  (Docket No. 7, p. 12.)  It does not sound in negligence, and the statute does not apply.  *See Colo. Trust for Protection & Benefits v. Souder, Miller & Assocs.*, 870 F. Supp. 2d 1173, 1177-79 (D. Colo. 2012) (applying statute to dismiss nuisance claim requiring expert testimony to establish prima facie standard of care, but not dismissing trespass claim not requiring expert testimony as to the prima facie standard of care).  Count 3 is therefore NOT dismissed.

In sum:

- The United States' Motion to Dismiss (Docket No. 37) is GRANTED IN PART and DENIED IN PART.

- Count 2 is DISMISSED under Fed. R. Civ. P. 12(b)(6) for failure to comply with C.R.S. § 13-20-602 and, therefore, failure to state a claim upon which relief can be granted.

- The motion is DENIED in all other respects.

Date: May 18, 2015