IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02613-MJW

ESCOBAR-HERNANDEZ,

Plaintiff,

v.

UNITED STATES OF AMERICA, *Etalibi*,
DAVID ALLREAD, *Clinical Director*,
LISA MCDERMITT, *Health Services Administrator*,
UTILIZATION REVIEW COMMITTEE,
THOMPSON, *PA*,
NEHLS, *Helth Services*,
JOHN DOE, *Officer #1*,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

     It is hereby ORDERED that Plaintiff's Motion Rebutting the Defendants' Motion for Permission to File Motion to Dismiss Out of Time and This Court's Order Granting the Defendants' Motion (Docket No. 49) is DENIED.

     The United States' deadline to answer or respond to Plaintiff's Amended Complaint was March 16, 2015. The United States failed to do so, due to a clerical oversight by the attorney assigned to the case. On April 6, 2015, the United States filed a motion to dismiss along with a motion for leave to file the motion to dismiss out of time. (*See* Docket No. 36.) Plaintiff had not moved for clerk's entry of default. The Court granted the motion and accepted the motion to dismiss for filing. (Docket No. 39.)

     Plaintiff's motion "rebutting" Defendants' motion asks this Court to vacate that order. The Court views the motion as one for reconsideration. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." <u>Servants of the Paraclete v. Does,</u> 204 F.3d 1005, 1012 (10th Cir.2000) (internal citation omitted). None of these are present here. The law governing extensions of time has not changed, nor have the facts; further, there is no indication that the Court misapprehended either party's position or the facts of the matter. Plaintiff's only avenue

for relief is to argue that reconsideration is required to avoid manifest injustice. The Court does not find, however, that Plaintiff can meet that standard.

Further, Plaintiff's argument fails to take full account of the applicable legal standards for excusable neglect. As the Tenth Circuit explained in *United States v. Torres*:

> The [Supreme] Court rejected the notion that excusable neglect exists only when a delay in filing is the result of circumstances beyond a party's control, stating that "by empowering the courts to accept late filings where the failure to act was the result of excusable neglect, . . . Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." The Court held that the determination whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. Such circumstances include "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.*

372 F.3d 1159, 1162 (10th Cir. 2004) (internal citations omitted). Here, as in *Torres*, the first, second, and fourth factors all weigh in favor of finding excusable neglect. There is no unfair prejudice to Plaintiff in having to defend a motion under Rule 12, there is no negative impact to the Court, and there is no indication of bad faith by the United States. As in *Torres*, it comes down to the third factor: the reason for the delay. There, the neglectful party misread the rules of procedure. The Tenth Circuit found that the cause was so insufficient that it outweighed the other three factors. This case is different. Here, Defense counsel failed to correctly calendar response dates for different defendants, in a case where Plaintiff has sued not only the government but also several individuals in their individual capacities—requiring the government to determine whether to provide a defense to those persons in their individual capacities—and has yet to identify many defendants. Defense counsel was neglectful, but not as neglectful as the attorney in *Torres*. Because the other three factors weigh in favor of relief, and the final factor is not nearly as inadequate/inexcusable as was the case in *Torres*, the Court finds the neglect excusable.

Date: May 18, 2015
_____