IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02613-MJW

ESCOBAR-HERNANDEZ,

Plaintiff,

v.

UNITED STATES OF AMERICA, *Etalibi*,
DAVID ALLRED, *Clinical Director*,
LISA MCDERMITT, *Health Services Administrator*,
UTILIZATION REVIEW COMMITTEE,
THOMPSON, *PA*,
NEHLS, *Health Services*,
JOHN DOE, *Officer #1*,

Defendants.

## ORDER ON PENDING MATTERS

**Michael J. Watanabe**
**United States Magistrate Judge**

The following matters are currently pending in this case:

- The Court's Order to Show Cause (Docket No. 30), directing plaintiff to effect service on Defendants John Doe and Utilization Review Committee or otherwise show cause why those defendants should not be dismissed from this case;

- Defendants Allred, McDermitt, Thompson, and Nehls's Motion to Dismiss (Docket No. 43), brought under Rules 12(b)(1) and 12(b)(6); and

- Plaintiff's Motion for Leave to File an Amended Complaint (Docket No. 65), seeking to add Defendant Brandy Hawkins as a Defendant.

The Court held Show Cause Hearings on May 12, 2015, and June 25, 2015.

(Docket Nos. 46 & 70.)  The Court has reviewed the parties' filings, taken judicial notice

of the Court's entire file in this case, and considered the applicable Federal Rules of

2

Civil Procedure, statutes, and case law. Now being fully informed, the Court makes the following orders.

### Order to Show Cause (Docket No. 30)

Plaintiff has now named all of the individuals of the Utilization Resource Committee. All of the members of the committee are either (1) already named as Defendants in this case, or (2) as to Brad Cink and Brandy Hawkins, are the new defendants to be named if the Court grants Plaintiff's motion for leave to file an amended complaint. (*See* Docket Nos. 53 & 54.) The Utilization Resource Committee itself is not a proper party, as it isn't a legal entity capable of being sued. Further, Plaintiff has failed to identify John Doe #1, despite having had over three months to do so since the Order to Show Cause was entered. (*See* Docket No. 30.)

Accordingly, pursuant to Federal Rule of Civil Procedure 4(m) and Federal Rule of Civil Procedure 41(b), Defendants "Utilization Resource Committee" and "John Doe Officer #1" are hereby DISMISSED from this case with prejudice.

### Motion to Dismiss (Docket No. 43)

The four individual defendants have moved to dismiss on three grounds. First, Defendant Thompson alleges that he is a commissioned officer of the Public Health Service and thus immune from suit. Second, Defendants Allred, Nehls, and McDermitt argue that Plaintiff has failed to allege facts plausibly establishing either the subjective or the objective components of a deliberate-indifference claim. Finally, Allred, Nehls, and McDermitt argue in the alternative that, to the extent a deliberate-indifference claim

has been alleged, the right violated was not clearly established at the time of the violation.

**I.      Public Health Service**

The Federal Tort Claims Act is the exclusive remedy "for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment . . . ." 42 U.S.C. § 233 (2012). This means that commissioned officers of the Public Health Service are immune from *Bivens* liability. *Hui v. Castaneda,* 559 U.S. 799 (2010).

Defendant Thompson provided a declaration establishing that he is a commissioned officer. (Docket No. 43-1.) This Court can consider such affidavits in a Rule 12(b)(1) motion, *Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp.,* 176 F. Supp. 2d 1091, 1094–95 (D.Colo.2001) (citing *Holt v. United States,* 46 F.3d 1000, 1002–03 (10th Cir.1995)), and Plaintiff has offered no reason to doubt Defendant Thompson's declaration. Accordingly, Defendant Thompson is immune from suit for purposes of this case.

**II.     Deliberate Indifference to a Serious Medical Need**

The standard for inadequate medical care under the Eighth Amendment is "deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). The test is both objective and subjective: a prisoner must establish that he was deprived of a medical need that is, objectively, "sufficiently serious," *Farmer v. Brennan,*

4

511 U.S. 825, 834 (1994), and that the defendant subjectively knew of and disregarded "an excessive risk to [the prisoner's] health and safety," *id.* at 837. Defendants argue that neither component has been plausibly alleged. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007))).

The Court agrees with Defendants as to the subjective component. Plaintiff's allegations, taken to be true for purposes of this motion, establish the following:

- Plaintiff had herniated discs and related problems in his back, due to a car crash in 2001. The chronic back pain was treated with several medications prior to incarceration, and with regular injections while incarcerated at another federal facility.

- Plaintiff was transferred to Florence ADX in September 2012. He informed Defendant Nehls during intake of his chronic back pain, and she told him he would need to put in a sick call for treatment. He put in a sick-call request, but due to the prison's backlog/delays, he was not seen.

- On November 20, 2012, Plaintiff's legs gave out while he was descending from the top bunk, and he fell. His cellmate alerted the prison staff and, after an hour, he was taken to an outside hospital for treatment.

- Plaintiff stayed at the hospital for three days, receiving an epidural steroid injection. The doctor verbally told Plaintiff that he needed surgery, but wrote in his treatment notes that he recommended continuing conservative treatment.

- Following his discharge from the hospital, Plaintiff received pain shots daily for four days. On the fifth day, Defendant Thompson discontinued shots and told Plaintiff to purchase over-the-counter pain medication from the prison commissary. Plaintiff became angry, threatened Defendant Thompson, and was placed in the Special Housing Unit (SHU) as a disciplinary measure.

- On December 4 or 5, 2012—after about a week in the SHU—Plaintiff's legs again gave out and he again fell. This time he hit his head on the toilet in his cell and lost consciousness. When he came to, Defendants Nehls and

5

> McDermitt accused him of faking his injuries and directed that he be placed in a "dry cell."

- Plaintiff remained essentially paralyzed on the floor of the dry cell for two days, at which point Defendant Allred and another individual determined that Plaintiff should be returned to the outside hospital. On the same day that Plaintiff was transported to the hospital, the Utilization Resource Committee denied Plaintiff's request for further pain management, stating that he would instead be seen for further evaluation by a staff physician.

- Plaintiff remained at the outside hospital from December 7 to December 20, 2012, receiving escalating treatments—an epidural steroid injection, a facet block, and a rhizotomy injection—until his pain was mitigated more than temporarily.

- In January 2013, Plaintiff's pain medication (Gabapentin) was increased, and the acting clinical director forwarded a request for neurosurgery to the Utilization Resource Committee.

- In February 2013, the Utilization Resource Committee approved the request for neurosurgery.

- In June 2013, Plaintiff suffered three more falls, with a trip to the hospital for another procedure occurring after the first fall but before the second and third.

- In January 2014, Plaintiff received a discectomy at a Bureau of Prisons medical facility in Missouri.

Collectively, these allegations establish that the Individual Defendants actively treated Plaintiff's condition, even if he is unsatisfied with the results. Although care was occasionally delayed due to concerns of malingering, those delays came amid an overall pattern of proactive treatment. Drawing inferences in Plaintiff's favor, the Defendants were wrong to be concerned about malingering in December 2012. But even that mistake shows that attention was being paid to the issue, not that it was being ignored—and there are no allegations from which the Court could reasonably infer that Defendants refused to treat the pain for two days out of malice or sadism. The facts as alleged show no willful blindness, no recklessness, and—ultimately—no deliberate

6

indifference.  Thus, Plaintiff has failed to plausibly allege the subjective component of a deliberate-indifference claim.

## III.   Qualified Immunity

When a defendant asserts qualified immunity, the plaintiff bears a heavy two-part burden of proof.  *Davis v. Scherer*, 468 U.S. 183, 197 (1984); *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001).  To overcome qualified immunity, the plaintiff must show: (1) defendant violated plaintiff's federal constitutional or statutory right, and (2) the right was clearly established at the time of the violation in the circumstances faced by the defendant.  *See Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004).  "If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendants qualified immunity."  *Gross v. Pirtle*, 245 F.3d 1151, 1156 (10th Cir. 2001).

Here, Plaintiff has failed to allege a violation of his Eighth Amendment rights by the Individual Defendants.  Accordingly, he has not met his burden.

For the foregoing reasons, the Individual Defendants' Motion to Dismiss (Docket No. 43) is GRANTED and Defendants Allred, McDermitt, Thompson, and Nehls are DISMISSED from this case.

## Motion for Leave to Amend Complaint (Docket No. 65)

Federal Rule of Civil Procedure 15 governs the amendment of pleadings.  Here, Plaintiff must seek the Court's leave to file an Amended Complaint.  Fed. R. Civ. P. 15(a).  "The court should freely give leave when justice so requires."  *Id.* at 15(a)(2).  "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim

7

to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006). Thus,

> "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"

*Id.* (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

Plaintiff seeks leave to add Brandy Hawkins, a Health Services Assistant, and Brad Cink, a Mid-Level Provider, as defendants.[1] But in light of the Court's holding on the Individual Defendants' motion to dismiss, adding Ms. Hawkins and Mr. Cink as defendants would be futile. Plaintiff asserts a claim against them based solely on their roles as members of the Utilization Resource Committee. But supervisory liability under *Bivens* is not available on *respondeat superior* alone; rather, Ms. Hawkins and Mr. Cink must have personally participated in or caused the violation. *Pahls v. Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013). Both individuals could be liable as committee members if the allegations suggested that they intentionally denied or delayed treatment in their gate-keeper capacity. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). But as discussed above, the allegations do not suggest that the Individual Defendants—nor the Utilization Resource Committee—refused or delayed care out of deliberate indifference to Plaintiff's medical needs. Rather, the allegations suggest that the defendants, and

---

[1] Plaintiff's motion actually references only Brandy Hawkins. (Docket No. 65.) But this is due to the Court's oversight in an earlier order directing Plaintiff to move to leave to amend, in which the Court referenced Brandy Hawkins but mistakenly failed to reference Brad Cink. (*See* Docket Nos. 53 & 54.) Because Plaintiff is pro se, the Court will construe his motion as including Brad Cink as well.

8

the Committee, worked actively to treat Plaintiff's pain. Accordingly, Plaintiff's allegations do not state a claim as to the members of the Utilization Resource Committee any more than they state a claim as to the Individual Defendants already part of the case.

The Court therefore DENIES Plaintiff's Motion for Leave to File Amended Complaint. (Docket No. 65.)

### Orders

For the foregoing reasons, it is hereby ORDERED that:

- The Order to Show Cause made absolute, and Defendants "Utilization Resource Committee" and "John Doe Officer #1" are DISMISSED from this case with prejudice pursuant to Federal Rule of Civil Procedure 4(m) and Federal Rule of Civil Procedure 41(b);

- Defendants Allred, McDermitt, Thompson, and Nehls's Motion to Dismiss (Docket No. 43) is GRANTED; Defendant Thompson is DISMISSED from this case with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1); and Defendants Allred, McDermitt, and Nehls are DISMISSED from this case without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6); and

- Plaintiff's Motion for Leave to File Amended Complaint (Docket No. 65) is DENIED under Rule 15(a)(2) as futile.

Dated this 29th day of June, 2015.

BY THE COURT:

*/s/ Michael J. Watanabe*
MICHAEL J. WATANABE
United States Magistrate Judge